# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-10704
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2025

Lyle W. Cayce
Clerk

PAUL LA'MARK LITTLE,

*Plaintiff—Appellant*,

*versus*

JENNIFER COZBY, *Warden, Robertson Unit*; CRYSTAL A. REYES, *Grievance Investigator, Robertson Unit*; JESSICA RILEY, *Grievance Investigator, Huntsville*; RALEIGH BREEDEN, *Assistant Warden, TDCJ Robertson Unit*; KIRT STIEFER, *Warden, TDCJ Beto Unit*; SHON MCGEE, *Lieutenant, TDCJ Beto Unit*; DARYL W EASON, *Sergeant, TDCJ Beto Unit*,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:23-CV-148

———————————————————

Before JONES, RICHMAN, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10704

Paul La'Mark Little, Texas prisoner # 01769422, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's sua sponte dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim. The motion is a challenge to the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As a preliminary matter, to the extent that Little seeks to challenge the district court's order denying his post judgment motion for reconsideration under Federal Rule of Civil Procedure 59(e), he failed to file a timely notice of appeal from that order, and this court lacks jurisdiction to review it. *See Bowles v. Russell*, 551 U.S. 205, 213-14 (2007).

Even with the benefit of liberal construction, Little has failed to meaningfully challenge any factual or legal aspect of the district court's disposition of his claims and dismissal of his complaint, and therefore he has abandoned the issue on appeal. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Thus, the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5th Cir. R. 42.2. Little's motion for appointment of counsel is likewise DENIED.

The district court's dismissal of Little's complaint for failure to state a claim and our dismissal of this appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Little is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal

No. 25-10704

filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).